```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


COL. ELORIS WILLIAMS PRESLEY
A/K/A LORI LAURIE E. WILLIAMS

VERSUS                                      CIVIL ACTION

THE STATE OF LOUISIANA                      NUMBER 07-493-JVP-SCR
```

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 18, 2007.

```
                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


COL. ELORIS WILLIAMS PRESLEY
A/K/A LORI LAURIE E. WILLIAMS

VERSUS                                              CIVIL ACTION

THE STATE OF LOUISIANA                              NUMBER 07-493-JVP-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Pro se plaintiff Eloris Williams Presley, also known as Lori Laurie E. Williams, filed this action presumably pursuant to 42 U.S.C. § 1983 against the state of Louisiana. Plaintiff alleged that she composed the music and lyrics for 60 songs. Plaintiff alleged that an unidentified person used voodoo, black magic, and witchcraft to enter her trailer and steal her songs. Plaintiff alleged that the songs have been recorded by various recording artists including Faith Hill, Keith Urban, Toby Keith, Dolly Parton, Alan Jackson and George Strait. Plaintiff sought to have the music removed from the market, payment of royalties, and the identification of the person who gave the songs to the recording artists.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff failed to allege any facts which would state a claim against the only defendant, the state of Louisiana. Plaintiff's allegation that some unidentified person used supernatural powers to enter her trailer and steal her music is fanciful, fantastic, and delusional. Even if the plaintiff's allegation is merely improbable, the allegation is insufficient to state a claim upon which relief can be granted against the state of Louisiana.

Insofar as the plaintiff's complaint can be read to seek monetary damages, the state of Louisiana is immune from suit.

2

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.

Finally, the United States District Court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff. 28 U.S.C. § 1361.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915.

Baton Rouge, Louisiana, July 18, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE